FILED BY ___ D.C.
05 AUG 30 AM 11: 14
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

NATHAN CARTER,

Defendant.

Cv. No. 02-2749-B
Cr. No. 98-20237(G)

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Defendant Nathan Carter, Bureau of Prisons registration number 14989-076, who is presently confined at the Federal Correctional Institution (FCI) in Manchester, Kentucky filed a pro se motion under 28 U.S.C. § 2255, seeking to set aside his conviction for violating 21 U.S.C. § 841(a)(1). Carter also filed motions to proceed in forma pauperis and for appointment of counsel. The motion to proceed in forma pauperis is GRANTED.

Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides:

> If an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-30-05

7

> appointment of counsel under 18 U.S.C. § 3006A(g)[1] and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding if the interest of justice so requires.

Because the Court, after reviewing the motion to vacate, has concluded that no hearing is necessary, the motion for appointment of counsel is DENIED.

On October 7, 1998, a federal grand jury indicted defendant Carter on one count of distributing approximately 140 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1)(Count One), and one count of distribution of approximately 80 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(Count Two). The defendant proceeded to trial and on February 11, 1999, a jury returned a verdict of guilty on both counts of the indictment.

On April 30, 1999, United States District Judge Julia Gibbons sentenced the defendant to three hundred sixty months imprisonment on Count One and life imprisonment on Count Two, to be served concurrently. The Court imposed a six year term of supervised release on Count One and a ten year term of supervised release on Count Two, to run concurrently. Carter appealed and the Sixth Circuit Court of Appeals affirmed his conviction and sentence.

---

[1] The reference to 18 U.S.C. § 3006A(g), instead of 3006A(a)(2)(B), both here and in Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts, is a result of the failure of Congress and the Rules Committee to amend the Rules after section 3006A was amended. The language formerly located at subsection g has since been slightly modified and transferred to subsection (a)(2)(B).

United States v. Nathan Carter, No. 99-5667, 2001 WL 493401 (6th Cir. May 2, 2001), cert. denied, No. 01-5754, 534 U.S. 935 (Oct. 1, 2001).

On September 26, 2002, defendant filed this § 2255 motion contending that his conviction and sentence should be set aside. He contends that:

1) counsel was ineffective by:

   (A) failing to challenge his sentence on the basis that the jury did not determine the quantity of drugs, violating the principle announced in Apprendi v. New Jersey, 530 U.S. 466 (2000);

"A Section 2255 can never be utilized as a substitute for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947); United States v. Walsh, 733 F.2d 31, 35 (6th Cir. 1984). The Sixth Circuit has recently reaffirmed this limitation on section 2255 relief:

> Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process.

Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996)(citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Even claims of constitutional error that could have been raised on appeal are waived unless the defendant demonstrates cause and prejudice for that failure. United States v. Frady, 456 U.S. 152, 167-68 (1982);

Bagnoli v. United States, No. 95-5731, 1995 WL 730482 at **2 (6th Cir. Dec 08, 1995)(claim of double jeopardy violation barred by failure to raise it by appeal of original conviction and sentence); Sepulveda v. United States, No. 95-1147, 1995 WL 592039 at **2 (6th Cir. Oct 05, 1995)(same).[2]

Defendant contends that his conviction (and by implication the procedural default issue), resulted from the ineffective assistance of appellate counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984), establishes the standard for an ineffective assistance claim. A petitioner must show:

1. deficient performance by counsel; and
2. prejudice to the defendant from the deficient performance.

See id. at 687.

A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness. Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir. 1993); Isabel v. United States, 980 F.2d 60, 64 (1st Cir. 1992). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." Strickland, 466 U.S. at 697. If a reviewing court

---

2 Although citation to unpublished Sixth Circuit precedents is disfavored, each of these cases is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id. at 697.

To demonstrate prejudice, a movant under § 2255 must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Additionally, however, in analyzing prejudice,

> the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(citing United States v. Cronic, 466 U.S. 648, 658 (1984)). "Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Fretwell, 506 U.S. at 369.

Defendant Carter contends that his conviction and sentence violate the principles enunciated in Apprendi v. New Jersey, 530 U.S. 466 (June 26, 2000). Apprendi was not decided until after the final briefs were submitted in defendant's direct appeal of his conviction to the Sixth Circuit. Because Carter had been sentenced, but his conviction was not yet final when Apprendi was issued, the Court will consider whether the defendant can establish any prejudice through counsel's failure to raise an Apprendi issue during the pendency of defendant's direct appeal.

Carter's claim that the jury failed to determine the drug quantity is factually and legally frivolous. Carter complains that the jury was instructed that :

> [i]t is not necessary that the government establish that the precise weight is as alleged in the indictment but only that the government establish that some measurable amount of the particular controlled substance involved in that count was the subject of the acts that are alleged in that count.

(Attachment to Carter's motion)

The indictment charged Carter with possessing approximately 140 grams of cocaine with the intent to distribute (Count One) and possessing approximately 80 grams of cocaine base with intent to distribute (Count Two). At trial, the Government presented the testimony of Officer Jay Bailey who weighed the confiscated drugs and transported them to the Tennessee Toxicology laboratory. Officer Bailey testified that the cocaine base weighed 65.8 grams and the net weight of the powder cocaine was 121 grams. (Transcript of trial testimony, pp. 110-16) Frieda Saharovici, a research toxicologist with the University of Tennessee testified that the confiscated drugs were crack and powder cocaine. (Transcript of trial testimony, pp. 117-19).

The Court's instruction was merely to clarify that the Government must prove that Carter possessed the particular drugs charged in the indictment, although the quantities did not have to be the exact amounts set forth in the indictment. The jury returned its verdict of guilty on both counts, finding that Carter

was guilty of possessing the drug quantities proven at trial, 65.8 grams of cocaine base and 121 grams of powder cocaine. Because Carter was convicted of both counts, the drug quantities were aggregated, pursuant to the 100:1 ratio of cocaine to cocaine base (crack) enunciated in 21 U.S.C. § 841, resulting in a total drug quantity of 67.01 grams of cocaine base. Accordingly, Carter's base offense level was calculated based upon the proven quantities, not the quantities charged in the indictment. The statutory maximum penalty for possession of at least fifty grams of a mixture or substance containing cocaine base is life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii).

Furthermore, the Government filed a separate and specific information pursuant to 21 U.S.C. § 851 which provided Carter with notice that it intended to rely on prior convictions to enhance his sentence pursuant to 841(b), a mandatory term of life imprisonment without release. The Court properly determined Carter was a career offender. Any contention that the Court's determination violated the principles of Apprendi is without merit, however because during the pendency of Carter's appeal, Apprendi did not apply to the fact of a prior conviction. See United States v. Gatewood, 230 F.3d 186, 192 (6th Cir. 2000). Furthermore, that determination did not cause Carter's sentence to exceed the statutory maximum that applied, which was life imprisonment.

Accordingly, to the extent this motion may be construed as raising any issue that the application of the career offender enhancement violated the principles announced in United States v. Booker, 125 S. Ct. 738 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi, such argument is without merit. Carter's trial counsel cannot be deemed ineffective for failing to anticipate the Supreme Court's holdings in Booker and Blakely. Furthermore, the § 4B1.1 career offender enhancement "stems from the very type of recidivism enhancement that Almendarez-Torres v. United States, 523 U.S. 224 (1998), held need not be charged and proved before a jury." United States v. Bradley, 400 F.3d 459, 462 (6th Cir. 2005). "From Apprendi to Blakely to Booker, the Court has continued to except such fact finding from the requirements of the Sixth Amendment." Id. Despite Justice Thomas' concurrence in Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), foreshadowing the demise of the Almendarez-Torres exception, for now Almendarez-Torres remains the law, and Carter's Sixth Amendment argument lacks merit.

Accordingly, Carter is unable to establish any deficient performance by counsel. Counsel was not obliged by his Sixth Amendment obligations to raise frivolous issues on appeal. Furthermore, these alleged failures did not result in any prejudice to the defendant. The motion is denied.

The motion, together with the files and record in this case "conclusively show that movant is entitled to no relief." 28 U.S.C. § 2255. See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence is valid, and his motion is denied.

Consideration must also be given to issues that may occur if the movant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[3] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. Id. at 1073. The court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was

[3] Title I of the AEDPA substantially revised the habeas statutes, including 28 U.S.C. §§ 2244, 2253, and 2255. Among other provisions, this Act amends 28 U.S.C. §§ 2244(b) and 2255 to require the district court to dismiss any subsequent § 2255 motion case absent permission from the court of appeals.

essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, the movant's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 (PLRA), Title VIII of Pub. L. 104-134, 110 Stat. 1321 (Apr. 24, 1996), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997). Cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913

and 1917,[4] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure (F.R.A.P.). Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

F.R.A.P. 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore certified, pursuant to F.R.A.P. 24(a), that any appeal in this matter by either defendant is not taken in good faith, and they may not proceed on appeal *in forma pauperis*.

IT IS SO ORDERED this 29th day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

[4] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:02-CV-02749 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

---

Nathan Carter
FCI-MANCHESTER
14989-076
PO Box 6000
Manchester, KY 40962

Honorable J. Breen
US DISTRICT COURT